FILED

UNITED STATES DISTRICT COURT 2014 FEB 26 P 2: 48
FOR THE DISTRICT OF RHODE ISLAND

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 14-29M |
| | : | |
| CHARLES D. MOREAU | : | |

## PLEA   AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United

States and Defendant, CHARLES D. MOREAU have reached the following agreement:

1.      The Defendant's Motion Pursuant to 28 U.S.C. § 2255.

a.      Having pled guilty on November 19, 2012, to the Information filed in

Cr. No. 12-129M, the Defendant was sentenced on February 12, 2013 to 24 months in

prison for illegally accepting gratuities in violation of 18 U.S.C. § 666(a)(1)(B), and

Judgment was entered on February 13, 2013.

b.      On June 26, 2013, the First Circuit Court of Appeals decided the case of

United States v. Fernandez, 722 F.3d 1 (1st Cir. 2013).   In essence that case held, *contra* to

other Circuits, that 18 U.S.C. § 666(a) does not encompass the receipt of gratuities.

c.      Defendant has filed a motion pursuant to 28 U.S.C. § 2255 asking this

Court to vacate the Judgment in Cr. No. 12-129M and discharge him from custody, based

on the First Circuit's decision in Fernandez.   In return for Defendant's agreement to

plead guilty to the Information filed in the present case, the United States agrees that at

the sentencing hearing, the Court should grant Defendant's § 2255 motion and vacate the

Judgment that was entered on February 13, 2013, and release him from custody.

Defendant understands that, if the parties had not reached the instant plea agreement, the

United States would have argued that his § 2255 petition should be denied based on

principles articulated by the Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614

(1998), and that the United States might have sought a new indictment against him

charging other offenses relating to the boarding up of homes in Central Falls, Rhode

Island during the period of September 2007 through November 2010.   The Defendant

does not concede that the United States' reliance on <u>Bousley</u> is justified, that the United

States would have been able to prosecute him for any other offenses, or·that he has sought

by his § 2255 motion to invalidate his earlier plea agreement.

    2.    Defendant's Obligations.

        a.    Defendant will waive presentation of this matter to a grand jury and

consent to the filing of a one-count Information which charges him with one count of

Corruptly Soliciting or Accepting a Bribe by an Official of a City Receiving Federal Funds,

in violation of 18 U.S.C. § 666(a)(1)(B).   Defendant will plead guilty to the Information.

Defendant further agrees that the time between the filing of this plea agreement and the

scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. §

3161.

        b.    The Defendant agrees to waive a presentence investigation and a

presentence report in this case.   Given the circumstances of this case, including that a

presentence report has already been prepared in connection with Cr. No. 12-129M, the parties agree that, pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii), the information in the record enables the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the preparation of a presentence report.

      3.    Parties' Agreed-Upon Sentence.   In exchange for Defendant's waiver of indictment and plea of guilty:

      a.    The United States and the Defendant recommend that the Court impose a term of imprisonment of time served; i.e., the time already served in Cr. No. 12-129M.   The parties understand that if this plea agreement is accepted by the Court, that the Court will impose a sentence of time served.

      b.    The United States and the Defendant will recommend that the $25,000 fine previously imposed in Cr. No. 12-129M will be re-imposed by the Court.   The United States acknowledges that, applying the monies paid by the Defendant on February 12, 2013, the Defendant has already paid this fine in full.

      c.    The United States and the Defendant recommend that a period of three years supervised release should be re-imposed by the Court.   The parties further recommend that the Defendant shall be ordered to perform 100 hours of community service for each year of supervised release, for a total of 300 hours, as directed and approved by the Probation Office.   As previously noted in the earlier Judgment, community service shall "redress the harm caused by the Defendant's criminal conduct in Central Falls."

     d.    The United States and Defendant agree that, apart from the funds specified in ¶1(b), restitution is not warranted in this case.

     e.    The United States agrees that, other than the charge in the Information in this case, it will not bring any other criminal charges against Charles D. Moreau which (1) fall within the scope of the grand jury investigation in the District of Rhode Island relating to invoices submitted for work boarding up homes in Central Falls from in or about September 2007 to in or about November 2010 and anything of value received from Michael G. Bouthillette for which the Defendant intended to be influenced and rewarded in connection the Defendant's role in giving Bouthillette the boardup work; or (2) was known to the United States Attorney's Office for the District of Rhode Island as of the date of the execution of this plea agreement and which concerned the same subjects.

    4.    The defendant understands that under Rule 11(c)(1)(C), the Court may accept or reject the plea agreement.   If the Court rejects the plea agreement, the Court shall, on the record, inform the parties of this fact, and afford Defendant an opportunity to withdraw the guilty plea, and advise Defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated in the plea agreement.   In addition, as part of the terms and conditions of this plea agreement, the parties agree that should the Court reject the plea agreement, the United States reserves its right to withdraw from its obligations under the same.

    5.    The maximum and minimum statutory penalties for the offense to which Defendant is pleading are as follows:




| Count 1: | - Ten (10) years imprisonment; |
| | - a term of supervised release of three (3) years; |
| | - a fine of $250,000; and |
| | - a mandatory special assessment of $100. |

6.    Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments.

7.    Defendant is advised and understands that:

a.    The United States has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b.    Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c.    Defendant has the right to a jury trial;

d.    Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e.    Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f.    Defendant waives these trial rights if the Court accepts a plea of guilty.

8.      The United States reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

9.      Defendant agrees not to appeal, collaterally attack, or otherwise challenge his conviction and sentence in the present case, if the sentence imposed by the Court is the sentence set forth in Paragraph 3 of this Plea Agreement.   This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the United States retains its right to appeal any of the Court's sentencing determinations.

10.   · This agreement is binding on the United States only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses.   Defendant understands that if Defendant violates this agreement in any way, the United States shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate.   If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

11.   Defendant agrees that if the sentence imposed is the sentence described in Paragraph 3, and he appeals, collaterally attacks, or otherwise challenges his conviction or sentence in the present case:   (1) the instant plea agreement will be null and void and the United States will be released from all of its obligations under the agreement; (2) the United States will be free to prosecute him on any charges relating to the boarding up of homes in Central Falls, Rhode Island in the period September 2007 through November

2010; and (3) he will waive any right to claim that a new prosecution is barred by the statute of limitations or by the Double Jeopardy Clause.

12.    This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

13.    This agreement constitutes the entire agreement between the parties.   No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement.   Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

C P

14.    Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

15. .   Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.


CHARLES D. MOREAU                        Date 2/25/14
Defendant


ANTHONY M. TRAINI, ESQ.                  Date 2/25/14
Counsel for Defendant


TERRENCE P. DONNELLY                     Date 2/25/14
Assistant U.S. Attorney


J. PATRICK YOUNGS                        Date 2/26/14
Special Assistant U.S. Attorney


ADI GOLDSTEIN                            Date 2/25/14
Assistant U.S. Attorney
Criminal Chief